**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| 900 Cesar Chavez, LLC, | § | Case No. 19-11527-tmd |
| | § | |
| 905 Cesar Chavez, LLC, | § | Case No. 19-11528-tmd |
| | § | |
| 5th and Red River, LLC, | § | Case No. 19-11529-tmd |
| | § | |
| 7400 South Congress, LLC, | § | Case No. 19-11530-tmd |
| | § | |
| Debtors. | § | (*Jointly Administered Under* |
| | § | *Case No. 19-11527-tmd*) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

On November 4, 2019 (the "***Petition Date***"), the above-captioned debtors and debtors-in-possession in the above-captioned chapter 11 cases (each a "***Debtor***," collectively, the "***Debtors***") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***").

Pursuant to the requirements of Bankruptcy Code Section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), the Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the Western District of Texas (the "***Bankruptcy Court***").

Natin Paul is the President of the Manager of the Debtors and has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Paul has relied upon the information in the books and records of the Debtors. Mr. Paul has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These *Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in and comprise an integral part of each of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' commercially reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Thus, the Debtors are unable to warrant or represent the Schedules and Statements are without inadvertent errors, omissions or inaccuracies. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update, amend or supplement the Schedules and Statements, but reserve the right to do so.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, offsets or defenses and/or causes of action arising under, *inter alia*, the provisions of Chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On the Petition Date, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed or designated.

On November 13, 2019, the Bankruptcy Court entered an *Order Granting Motion for Joint Administration* directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 6].

**Net Book Value of Assets**. Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of November 4, 2019. The market values of the Debtors' Real Property may vary, at some times materially, from the net book value of such assets. Specifically, the Real Property owned by 5th and Red River, LLC is valued in excess of $25.0 million based on recent comparable sales.  The Real Property owned by 900 Cesar Chavez, LLC is valued in excess of $5.0 million based on recent comparable sales. The Real Property owned by 905 Cesar Chavez, LLC is valued in excess of $2.6 million based on recent comparable sales. The Real Property owned by 7400 South Congress, LLC is valued at $10.0 million based on recent comparable sales, and is under contract for that amount.

**Recharacterization**. Notwithstanding the Debtors' commercially reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate as they determine in their sole and absolute discretion.

The liabilities listed on the Schedules do not reflect any analysis of claims pursuant to Bankruptcy Code Section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under Bankruptcy Code Section 503(b)(9) or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code to include the following:  (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); (e) persons in control; and (f) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," (c) Schedule E/F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**.  Schedules D and E/F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action which are expressly reserved.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    <u>Liens</u>. Property, inventory and equipment listed in the Schedules may be presented without consideration of any liens that may attach (or have attached) to such property and equipment.

    d.    <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

037435-93552/4819-9190-3406.4

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B**. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Unless indicated otherwise, asset values described in Schedule A/B are representative of values reflected on the Debtors' November 4, 2019 balance sheets.

**Schedule A/B - 3**. As of November 4, 2019, none of the Debtors held bank accounts in their name. As such, the Debtors cash account values for the checking accounts maintained with Mechanics Bank (DIP accounts which were opened post-petition as required by the US Trustee's office) reflect the balances held by World Class Holdings XI, LLC, the sole member of each of the Debtors, on behalf of the Debtors as of November 4, 2019.

**Schedule A/B - 8**. The amount paid as retainer to Waller, Lansden, Dortch & Davis, LLP is as of November 4, 2019 and was paid pre-petition on behalf of the Debtors by World Class Holdings XI, LLC as an equity contribution to each Debtor.

**Schedule A/B - 11**. The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule A/B-11, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule A/B-11, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

**Schedule A/B - 75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, or refunds with various parties. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, causes of action as a plaintiff or counter-claims as a defendant. To the extent such rights are known and quantifiable, they are listed on Schedule A/B-75; however, any such rights which are unknown to the Debtors or not quantifiable as of the Petition Date are not listed on Schedule A/B-75.

**Schedule D**. Effective as of September 21, 2018, Natin Paul as Indemnitor, executed that certain Indemnity And Guaranty Agreement (World Class - Austin Portfolio) in favor of U.S. Real Estate Credit Holdings III-A, LP. It should be noted that the Debtors are jointly and severally liable and collectively owe one debt to its lender in the approximate amount of $18.5MM. Each Debtor reflects the full amount of the referenced debt, but it is only one obligation. Nothing herein is intended or should be construed to concede that ATX Lender 5, LLC is the current holder of the secured debt.

**Schedule E/F, Part 1**. The claims listed on Schedule E/F, Part 1 arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All

claims listed on Schedule E/F, Part 1, however, appear to have arisen or to have been incurred before the Petition Date.

**Schedule E/F, Part 2**. The Debtors have used their commercially best reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. The Debtors have made every effort to include as a contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

To the extent they are known, Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F, Part 2 does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Listing a contract or lease on Schedule G does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality or non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease or multiple, severable or separate contracts or leases.

The contracts, leases and other agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts or unexpired leases becomes available. Certain of the executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Executory contracts that are oral in nature have not been included on Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

The listing of any contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or lease or an admission that such contract or lease is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

**Schedule H**. For purposes of Schedule H, the Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule A/B -75 and SOFA 7. as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 7**. Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other

adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule E/F, Part 2 for the applicable Debtor. Additionally, any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 11**. Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by World Class Holdings XI, LLC and were recorded as equity contributions to each of the Debtors.

*[Remainder of page intentionally left blank.]*

**Fill in this information to identify the case:**

Debtor Name **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number (if known): **19-11528-tmd**

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1: Summary of Assets

1. **Schedule A/B: Assets--Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B.................................................................. | **$2,600,000.00**

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B................................................................ | **$25,000.00**

   1c. **Total of all property**
   Copy line 92 from Schedule A/B.................................................................. | **$2,625,000.00**

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D.................................... | **$18,575,000.00**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F.................................... | **$30,427.53**

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F................................ | **+   $76,152.62**

4. **Total liabilities**
   Lines 2 + 3a + 3b.................................................................................. | **$18,681,580.15**

| **Fill in this information to identify the case** |
|---|
| Debtor name    **905 Cesar Chavez, LLC** |
| United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS** |
| Case number   **19-11528-tmd** (if known) |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property            12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes.  Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**                                    **Current value of debtor's interest**

2.  **Cash on hand**                                                                                                            _____

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  **Mechanics Bank (formerly Rabobank, N.A.)** | **Checking account** | 0  3  6  6 | $0.00 |

4.  **Other cash equivalents**    *(Identify all)*

Name of institution (bank or brokerage firm)

5.  **Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets).  Copy the total to line 80.

| $0.00 |
|---|

## Part 2:    Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

☐ No.  Go to Part 3.
☑ Yes.  Fill in the information below.

Debtor    **905 Cesar Chavez, LLC**                              Case number (if known) __**19-11528-tmd**__
          _____
          Name

                                                                                    **Current value of
                                                                                    debtor's interest**

7.  **Deposits, including security deposits and utility deposits**

    Description, including name of holder of deposit

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

    Description, including name of holder of prepayment

8.1.  **Retainer to Waller Lansden Dortch & Davis, LLP for representation in bankruptcy case**        **$25,000.00**

9.  **Total of Part 2.**                                                                    | **$25,000.00** |
    Add lines 7 through 8. Copy the total to line 81.

---

**Part 3:**  **Accounts receivable**

---

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.
    ☐ Yes. Fill in the information below.

                                                                                    **Current value of
                                                                                    debtor's interest**

11. **Accounts receivable**

11a. 90 days old or less:  _____ – _____ = .............. ➔  _____
                           face amount               doubtful or uncollectible accounts

11b. Over 90 days old:     _____ – _____ = .............. ➔  _____
                           face amount               doubtful or uncollectible accounts

12. **Total of Part 3**                                                                     | **$0.00** |
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

---

**Part 4:**  **Investments**

---

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.
    ☐ Yes. Fill in the information below.

                                                        **Valuation method          Current value of
                                                        used for current value      debtor's interest**

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated
    businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                          % of ownership:

16. **Government bonds, corporate bonds, and other negotiable and
    non-negotiable instruments not included in Part 1**

    Describe:

17. **Total of Part 4**                                                                     | **$0.00** |
    Add lines 14 through 16. Copy the total to line 83.

---

**Part 5:**  **Inventory, excluding agriculture assets**

---

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes. Fill in the information below.

| Debtor | **905 Cesar Chavez, LLC** | | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|---|
| | Name | | | |

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

**Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops--either planted or harvested** | | | |
| 29. **Farm animals**  *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?

 ☐ No
 ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor    **905 Cesar Chavez, LLC**                                    Case number (if known)  **19-11528-tmd**
_____Name_____

## Part 7:  Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No.  Go to Part 8.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.  **Office furniture**

40.  **Office fixtures**

41.  **Office equipment, including all computer equipment and communication systems equipment and software**

42.  **Collectibles**  _Examples:_ Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.  **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.                                                          **$0.00**

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☐ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 8:  Machinery, equipment, and vehicles

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No.  Go to Part 9.
☐ Yes.  Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48.  **Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

49.  **Aircraft and accessories**

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51.  **Total of Part 8.**
Add lines 47 through 50.  Copy the total to line 87.                                                          **$0.00**

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor **905 Cesar Chavez, LLC**      Case number (if known) **19-11528-tmd**

Name

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
☒ Yes.  Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| **55.1. 905 and 907 Cesar Chavez Street, Austin, TX 78701 0.30 acre parcel of undeveloped land located at 905 and 907 East Cesar Chavez Street, Austin, Texas.** Fee Simple | | $1,474,421.00 | Fair market value | $2,600,000.00 |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.     **$2,600,000.00**

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No
☐ Yes

## Part 10: Intangibles and Intellectual Property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☒ No.  Go to Part 11.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| **61. Internet domain names and websites** | | | |
| **62. Licenses, franchises, and roylties** | | | |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| **64. Other intangibles, or intellectual property** | | | |
| **65. Goodwill** | | | |

**66. Total of Part 10.**

Add lines 60 through 65.  Copy the total to line 89.     **$0.00**

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☐ Yes

Debtor    **905 Cesar Chavez, LLC**                                    Case number (if known)  **19-11528-tmd**
          Name

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

## Part 11:  All other assets

---

**70.  Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐  No.  Go to Part 12.

☑  Yes.  Fill in the information below.

                                                                                    Current value of
                                                                                    debtor's interest

**71.  Notes receivable**

Description (include name of obligor)

**72.  Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73.  Interests in insurance policies or annuities**

**74.  Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.  Other contingent and unliquidated claims or causes of action of every nature,
     including counterclaims of the debtor and rights to set off claims**

    **Litigation claims against lender (see Statement of Financial Affairs #7.1)**          **Unknown**

Nature of claim        **Injunctive relief & declaratory judgment**

Amount requested       _____

**76.  Trusts, equitable or future interests in property**

**77.  Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

**78.  Total of Part 11.**

Add lines 71 through 77.  Copy the total to line 90.                                  $0.00

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor **905 Cesar Chavez, LLC**
Name

Case number (if known) **19-11528-tmd**

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $25,000.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..............................➔ | | $2,600,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | $25,000.00 | + 91b. $2,600,000.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92...................................................................... **$2,625,000.00**

**Fill in this information to identify the case:**

Debtor name **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number **19-11528-tmd**
(if known)

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property 12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports<br>this claim |
| --- | --- | --- | --- |

**2.1**

Creditor's name
**ATX Lender 5, LLC**

Creditor's mailing address
**600 Travis, Suite 2800**

**Houston          TX    77002**

Creditor's email address, if known

Date debt was incurred      **9/21/18**

Last 4 digits of account
number          ___ ___ ___ ___

Do multiple creditors have an interest in
the same property?

☐ No

☑ Yes. Specify each creditor, including this
creditor, and its relative priority.

Describe debtor's property that is
subject to a lien
**Real property at 905 & 907 E. Cesar Chavez, Austin**

Describe the lien
**Secured loan**

Is the creditor an insider or related party?

☑ No

☐ Yes

Is anyone else liable on this claim?

☐ No

☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

| $18,575,000.00 | $2,600,000.00 |

1) ATX Lender 5, LLC; 2) U.S. Real Estate Credit Holdings III-A,; 3) U.S. Real Estate Credit Holdings III,.

Amount of claim is jointly and severally owed by the jointly administered Debtors: 900 Cesar Chavez, LLC; 905 Cesar Chavez, LLC; 5th and Red River, LLC; and 7400 South Congress, LLC

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the
Additional Page, if any.**

$18,575,000.00

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|

| **Part 1:** | **Additional Page** | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|---|

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

---

**2.2**

| Creditor's name | Describe debtor's property that is subject to a lien | $0.00 | $2,600,000.00 |
|---|---|---|---|
| **U.S. Real Estate Credit Holdings III,** | | | |

Creditor's mailing address
**11755 Wilshire Blvd., Suite 1425**

Describe debtor's property that is subject to a lien
**Real property at 905 & 907 E. Cesar Chavez, Austin**

Describe the lien
**Secured loan**

**Los Angeles        CA    90025**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Date debt was incurred

Last 4 digits of account number ___ ___ ___ ___

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes.  Have you already specified the relative priority?

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

   ☒ Yes.  The relative priority of creditors is specified on lines **2.1**

---

**2.3**

| Creditor's name | Describe debtor's property that is subject to a lien | $0.00 | $2,600,000.00 |
|---|---|---|---|
| **U.S. Real Estate Credit Holdings III-A,** | | | |

Creditor's mailing address
**11755 Wilshire Blvd., Suite 1425**

Describe debtor's property that is subject to a lien
**Real property at 905 & 907 E. Cesar Chavez, Austin**

Describe the lien
**Secured loan**

**Los Angeles        CA    90025**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☒ No
☐ Yes

Date debt was incurred

Last 4 digits of account number ___ ___ ___ ___

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes.  Have you already specified the relative priority?

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

   ☒ Yes.  The relative priority of creditors is specified on lines **2.1**

---

Debtor    **905 Cesar Chavez, LLC**                                    Case number (if known) **19-11528-tmd**

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|----------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page.  If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|------------------------------------------------------------|--------------------------------------------------|
| **Locke Lord LLP**<br>**Attn: Kent Hoffman and Daniel Durell**<br>**600 Congress Ave., Ste. 2200**<br><br>**Austin**            **TX**    **78701** | Line  **2.1** | ___ ___ ___ ___ |
| **Locke Lord LLP**<br>**Attn: Paul Pruett and Jonathan Pelayo**<br>**2800 JPMorgan Chase Tower**<br>**600 Travis**<br>**Houston**            **TX**    **77002** | Line  **2.1** | ___ ___ ___ ___ |

**Fill in this information to identify the case:**

Debtor **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number **19-11528-tmd**
(if known)

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
   If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown | Unknown |

**Internal Revenue Service**

**Centralized Insolvency Operation**

**P.O. Box 7346**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Philadelphia** **PA** **19101-7346**

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account
number ___ ___ ___ ___

Is the claim subject to offset?
☑ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a)( **8** )

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.2** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | Unknown | Unknown |

**Texas Comptroller of Public Accounts**

**Revenue Accounting Division - Bankruptcy**

**P.O. Box 13528 Capitol Station**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Austin** **TX** **78711**

Date or dates debt was incurred

Basis for the claim:
**Franchise Tax**

Last 4 digits of account
number

Is the claim subject to offset?
☑ No
☐ Yes

Specify Code subsection of PRIORITY unsecured
claim: 11 U.S.C. § 507(a)( **8** )

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|

## Part 1: Additional Page

Copy this page if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.

|  |  | **Total claim** | **Priority amount** |
|---|---|---|---|

**2.3**  Priority creditor's name and mailing address

**Travis County Tax Assessor**

**Attn: Bruce Elfant**

**5501 Airport Blvd**

**Austin**        **TX**      **78751**

Date or dates debt was incurred
**2019**

Last 4 digits of account
number     **0   9   4   6**

Specify Code subsection of PRIORITY unsecured
claim:  11 U.S.C. § 507(a)(   **8**   )

As of the petition filing date, the claim is: *Check all that apply.*

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:**
**Ad Valorem Taxes**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Total claim: **$30,427.53**     Priority amount: **$30,427.53**

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

| 3.1 Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|

**City of Austin**

**P.O. Box 2267**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

| Austin | TX | 78783-2267 |
|---|---|---|

**Basis for the claim:** **Utilities**

Date or dates debt was incurred

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number ___ ___ ___ ___

---

| 3.2 Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$5,080.12** |
|---|---|---|

**Studio 8 Architects, Inc**

**611 W 15th St**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

| Austin | TX | 78701 |
|---|---|---|

**Basis for the claim:** **Services**

Date or dates debt was incurred **12/3/18**

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number **0   9   0   a**

---

| 3.3 Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$0.00** |
|---|---|---|

**WCRE Management, LLC**

**401 Congress Avenue, 33rd Floor**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

| Austin | TX | 78701 |
|---|---|---|

**Basis for the claim:** **Contract/Lease**

Date or dates debt was incurred

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number ___ ___ ___ ___

---

| 3.4 Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$36,935.00** |
|---|---|---|

**Westlake Industries, LLC**

**11500 Metric Blvd, Suite 285**

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

| Austin | TX | 78758 |
|---|---|---|

**Basis for the claim:** **Services**

Date or dates debt was incurred **various**

Is the claim subject to offset?
- ☒ No
- ☐ Yes

Last 4 digits of account number ___ ___ ___ ___

---

Debtor   **905 Cesar Chavez, LLC**      Case number (if known)   **19-11528-tmd**

## Part 2:   Additional Page

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.  If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

                                                        Amount of claim

| 3.5 | Nonpriority creditor's name and mailing address |
|-----|---|

As of the petition filing date, the claim is:              **$34,137.50**
*Check all that apply.*

**World Class Capital Group, LLC**

**814 Lavaca St.**

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Services**

Austin         TX    78701

Date or dates debt was incurred      **various**

**Is the claim subject to offset?**

☑ No

☐ Yes

Last 4 digits of account number    ___ ___ ___ ___

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|

| **Part 3:** | **List Others to Be Notified About Unsecured Claims** |
|---|---|

4.  **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.**  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page.  If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

4.1  **Travis County Attorney's Office**

**Attention: County Attorney**

**P.O. Box 1748**

**Austin                    TX        78767**

Line  **2.3**

☐ Not listed.  Explain:

___ ___ ___ ___

Debtor  **905 Cesar Chavez, LLC**                                      Case number (if known)  **19-11528-tmd**

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
| --- | --- |

**5.**  **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
| --- | --- | --- |
| 5a. | **Total claims from Part 1** | 5a. **$30,427.53** |
| 5b. | **Total claims from Part 2** | 5b. **+** **$76,152.62** |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. **$106,580.15** |

**Fill in this information to identify the case:**

Debtor name  **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number  **19-11528-tmd**          Chapter  **11**
(if known)

☐ Check if this is an
   amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible.  If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**

☐  No.  Check this box and file this form with the court with the debtor's other schedules.  There is nothing else to report on this form.

☑  Yes.  Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2.  **List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | **Property Management Agreement Contract to be ASSUMED** | **WCRE Management, LLC** |
|---|---|---|---|
| | | | **814 Lavaca Street** |
| | State the term remaining | **9/20/20 (auto-renewal)** | |
| | List the contract number of any government contract | | **Austin          TX      78701** |

**Fill in this information to identify the case:**

Debtor name  **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number  **19-11528-tmd**
(if known)

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.  If more space is needed, copy the Additional Page, numbering the entries consecutively.  Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules.  Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors.  In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed.  If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:*  **Codebtor** | | *Column 2:*  **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  **5th and Red River, LLC** | **814 Lavaca Street**<br>Number   Street<br><br>**Austin**  **TX**  **78701**<br>City   State  ZIP Code | **ATX Lender 5, LLC** | ☑ D<br>☐ E/F<br>☐ G |
| 2.2  **7400 South Congress, LLC** | **814 Lavaca Street**<br>Number   Street<br><br>**Austin**  **TX**  **78701**<br>City   State  ZIP Code | **ATX Lender 5, LLC** | ☑ D<br>☐ E/F<br>☐ G |
| 2.3  **900 Cesar Chavez, LLC** | **814 Lavaca Street**<br>Number   Street<br><br>**Austin**  **TX**  **78701**<br>City   State  ZIP Code | **ATX Lender 5, LLC** | ☑ D<br>☐ E/F<br>☐ G |
| 2.4  **Natin Paul** | **814 Lavaca Street**<br>Number   Street<br><br>**Austin**  **TX**  **78701**<br>City   State  ZIP Code | **ATX Lender 5, LLC** | ☑ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number **19-11528-tmd**
(if known)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12/13/2019**          X **/s/ Natin Paul** _____
          MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                    **Natin Paul** _____
                    Printed name
                    **President of Manager of Debtor** _____
                    Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name    **905 Cesar Chavez, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number    **19-11528-tmd**
(if known)

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:    Income

**1.    Gross revenue from business**

☑ None

**2.    Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

## Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

**3.    Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

**4.    Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or co-signed by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

**5.    Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

Debtor   **905 Cesar Chavez, LLC**        Case number (if known)   **19-11528-tmd**
         Name

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

---

## Part 3:   Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity--within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **900 Cesar Chavez, LLC, 905 Cesar Chavez, LLC, 5th and Red River, LLC and 7400 South Congress, LLC v. ATX Lender 5, LLC** | **Action by Debtors seeking injunctive relief to restrain wrongful foreclosure; Debtor sued lender for declaratory judgment and breach of fiduciary duty** | **Travis County District Court** <br> Name <br><br> **1000 Guadalupe** <br> Street | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| | Case number <br> **D-1-GN-19-007562** | | **Austin**      **TX**   **78701** <br> City      State   ZIP Code | |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

---

## Part 4:   Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

---

## Part 5:   Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|--------|---------------------------|------------------------|------------------|
|        | Name                      |                        |                  |

## Part 6:    Certain Payments or Transfers

**11.  Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe the property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Waller Lansden Dortch & Davis, LLP** | | **11/4/19** | **$25,000.00** |

**Address**

**100 Congress Ave., Suite 1800**
Street

**Austin**     **TX**     **78701**
City     State     ZIP Code

**Email or website address**
**www.wallerlaw.com**

**Who made the payment, if not debtor?**
**World Class Holdings XI, LLC**

**12.  Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13.  Transfers not already listed on this statement**

List any transfers of money or other property--by sale, trade, or any other means--made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7:    Previous Locations

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1. | **401 Congress Avenue** | | From   **9/21/18** | To   **3/31/19** |
| | Street | | | |

**Austin**     **TX**     **78701**
City     State     ZIP Code

Debtor  **905 Cesar Chavez, LLC**                                    Case number (if known)  **19-11528-tmd**
_____
Name

## Part 8:  Health Care Bankruptcies

**15.  Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

- ■  diagnosing or treating injury, deformity, or disease, or

- ■  providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No.  Go to Part 9.
☐ Yes.  Fill in the information below.

## Part 9:  Personally Identifiable Information

**16.  Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes.  State the nature of the information collected and retained  _____

Does the debtor have a privacy policy about that information?
☐ No.
☐ Yes.

**17.  Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No.  Go to Part 10.
☐ Yes.  Does the debtor serve as plan administrator?
☐ No.  Go to Part 10.
☐ Yes.  Fill in below:

## Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18.  Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts, certificates of deposit, and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19.  Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20.  Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case.  Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|
| | Name | | |

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns.  Include any property borrowed from, being stored for, or held in trust.  Do not list leased or rented property.

☑ None

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**
Include settlements and orders.

☑ No
☐ Yes.  Provide details below.

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes.  Provide details below.

**24.  Has the debtor notified any govermental unit of any release of hazardous material?**

☑ No
☐ Yes.  Provide details below.

## Part 13:  Details About the Debtor's Business or Connections to Any Business

**25.  Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.  Include this information even if already listed in the Schedules.

☑ None

**26.  Books, records, and financial statements**

26a.  List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | | Dates of service | | |
|---|---|---|---|---|---|
| 26a.1. | **Barbie Lee** | | From | **9/21/18** | To **Present** |
| | Name | | | | |
| | **814 Lavaca Street** | | | | |
| | Street | | | | |
| | | | | | |
| | **Austin** | **TX** | **78701** | | |
| | City | State | ZIP Code | | |

Debtor  **905 Cesar Chavez, LLC**
Name

Case number (if known)  **19-11528-tmd**

**Name and address**

**Dates of service**

26a.2.  **Jason Rogers**
Name

**814 Lavaca Street**
Street

From  **9/21/18**  To  **Present**

**Austin**                    **TX**        **78701**
City                          State      ZIP Code

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

**Name and address**

**If any books of account and records are unavailable, explain why**

26c.1.  **World Class Capital Group, LLC**
Name

**814 Lavaca Street**
Street

**Austin**                    **TX**        **78701**
City                          State      ZIP Code

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

**Name and address**

26d.1.  **Trimont Real Estate Advisors**
Name

**3500 Lenox Road**
Street

**One Alliance, Suite G1**

**Atlanta**                   **GA**        **30326**
City                          State      ZIP Code

**Name and address**

26d.2.  **ATX Lender 5, LLC**
Name

**600 Travis, Suite 2800**
Street

**Houston**                   **TX**        **77002**
City                          State      ZIP Code

**Name and address**

26d.3.  **U.S. Real Estate Credit Holdings III,**
Name

**11755 Wilshire Blvd., Suite 1425**
Street

**Los Angeles**               **CA**        **90025**
City                          State      ZIP Code

Debtor **905 Cesar Chavez, LLC**      Case number (if known) **19-11528-tmd**
Name

**Name and address**

26d.4. **U.S. Real Estate Credit Holdings III-A,**
   Name
   **11755 Wilshire Blvd., Suite 1425**
   Street

   **Los Angeles**   **CA**  **90025**
   City      State  ZIP Code

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No.

☐ Yes.  Give the details about the two most recent inventories.

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Natin Paul | 814 Lavaca Street Austin, TX 78701 | President of Manager | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes.  Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes.  Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes.  Identify below.

Name of the parent corporation       Employer Identification number of the parent corporation
**World Class Holdings XI, LLC**      EIN: **8**  **3** – **1**  **8**  **7**  **3**  **4**  **8**  **2**

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes.  Identify below.

| Debtor | **905 Cesar Chavez, LLC** | Case number (if known) | **19-11528-tmd** |
|---|---|---|---|
| | Name | | |

## Part 14: Signature and Declaration

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12/13/2019**
          MM / DD / YYYY

X **/s/ Natin Paul**                              Printed name  **Natin Paul**
   Signature of individual signing on behalf of the debtor

   Position or relationship to debtor  **President of Manager of Debtor**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes